IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JACQUELINE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | No. 06-2554-KHV |
| ) | |
| MEDICALODGES, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**ORDER**

Jacqueline Williams, *pro se*, brings suit against Medicalodges, Inc. alleging retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. On December 14, 2006, plaintiff filed her complaint, see (Doc. #1), and the return of service indicates that on January 8, 2007, the United States Marshals Service served a copy of the summons and complaint by certified mail delivered to "Medicalodges, Inc., c/o TALX UCM Services, Inc., P.O. Box 283, St. Louis, MO 63166-0283," see (Doc. #5). As of May 3, 2007, defendant has not yet answered or appeared in the action. This matter comes before the Court on plaintiff's Motion Of Default (Doc. #6) filed April 23, 2007, which the Court construes as an application for entry of default.[1] For reasons stated below, the Court overrules the motion.

---

[1] On April 24, 2007, Magistrate Judge James P. O'Hara ordered plaintiff to show good cause in writing why her claim should not be dismissed with prejudice for lack of prosecution. See Notice And Order To Show Cause (Doc. #7). The Court finds that plaintiff's motion for default, filed one day before Judge O'Hara's order, constitutes good cause and that the action should not be dismissed for lack of prosecution. Apparently, Judge O'Hara entered his order after plaintiff delivered a hard copy of her motion to the Clerk on April 23, 2007 but before the Clerk docketed the motion on April 24, 2007.

Rule 55(a), Fed. R. Civ. P., provides for entry of default as follows:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

Because a party has no duty to plead until properly served, sufficient service of process is a prerequisite to entry of default. See Peterson v. Carbon County, 156 F.3d 1244 (Table), 1998 WL 458555, at *4 (10th Cir. Aug. 6, 1998). When applying for an entry of default, plaintiff bears the burden of showing that defendant has been properly served, Evertson v. Topeka Assoc. for Retarded Citizens, No. 05-4046-SAC, 2005 WL 2988716, at *1 (D. Kan. Oct. 11, 2005), and questions whether service was proper preclude an entry of default, Dewey v. City of Topeka, No. 97-4037-SAC, 1997 WL 833300, at *3 (D. Kan. Dec. 18, 1997).

Rule 4(h) governs service of process upon corporations. Under Rule 4(h)(1), plaintiff may effect service upon a corporation pursuant to the methods prescribed by Kansas law or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." Kansas law permits service upon a corporation by "leaving a copy of the summons and petition at any business office of the defendant with the person having charge thereof." K.S.A. § 60-304(e).

As noted, plaintiff served her complaint through the U.S. Marshals on TALX UCM Services, Inc. ("TALX"). From the exhibits attached to the complaint, it appears that TALX is an agent authorized to handle unemployment insurance claims on behalf of defendant. See Exhibit 1 at 13. Nothing in the complaint, its attached exhibits or plaintiff's motion suggests that TALX is a

managing, general or statutory agent authorized to receive service of process on behalf of defendant. According to the records of the Kansas Secretary of State, defendant is a Kansas corporation whose registered agent is The Corporation Company, Inc., 515 South Kansas Avenue, Topeka, KS 66603.[2] On this record, the Court finds that plaintiff has not met her burden of showing that she has properly served defendant so as to trigger her right to entry of default under Rule 55(a).

**IT IS THEREFORE ORDERED** that plaintiff has shown good cause why her claim should not be dismissed for lack of prosecution.

**IT IS FURTHER ORDERED** that plaintiff's Motion Of Default (Doc. #6) filed April 23, 2007, which the Court construes as an application for entry of default, be and hereby is **OVERRULED**.

Dated this 3rd day of May, 2007 at Kansas City, Kansas.

                                                s/ Kathryn H. Vratil
                                                Kathryn H. Vratil
                                                United States District Judge

---

[2] The Court may take judicial notice of this fact. See JP Morgan Trust Co., Nat'l Ass'n v. Mid-Am. Pipeline Co., 413 F. Supp.2d 1244, 1258 (D. Kan. 2006) (courts routinely take judicial notice of documents filed with secretary of state).